**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerardo TERAN–CORTEZ,
Defendant—Appellant.**

No. 02–50231.
D.C. No. CR–01–01022–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

---

1. The Clerk shall file appellant's reply brief received December 6, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**932**

■■■■■

MEMORANDUM **

Gerardo Teran–Cortez appeals his conviction pursuant to a conditional guilty plea and his 16–month sentence for importing cocaine in violation of 21 U.S.C. §§ 952, 960 when he attempted to smuggle 23.28 kilograms of cocaine through the Calexico Port of Entry.

His contention that 21 U.S.C. §§ 952 and 960 are facially unconstitutional is foreclosed by *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002), and *United States v. Buckland,* 289 F.3d 558 (9th Cir.) (en banc), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). Teran–Cortez's contention that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), overrules *United States v. Buckland* and *United States v. Mendoza–Paz* is foreclosed by *United States v. Hernandez,* 314 F.3d 430, *as amended,* 322 F.3d 592, 2003 WL 730663 (9th Cir. Mar.5, 2003). His contention that the indictment should be dismissed because it did not allege *mens rea* as to drug type and quantity is foreclosed by *United States v. Carranza,* 289 F.3d 634 (9th Cir.2002).

**AFFIRMED.**

■■■■■

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).